UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>US HEALTHCARE SUPPLY, LLC, et al.<br><br>　　　　　　　　　Defendants. | Case No.:  19cv2292-LAB (KSC)<br><br>**ORDER REQUIRING PLAINTIFF TO SERVE DEFENDANTS** |

　　　After it appeared that Plaintiff, who is represented by counsel, had failed to serve either Defendant, the Court ordered him to show cause why this case should not be dismissed for failure to serve. (Docket no. 9.)  Although someone had attempted service on Defendant Jon Paul Letko by certified mail, the return receipt did not show that Letko received process, nor did it show who received it. And Defendant US Healthcare Supply, LLC was supposedly served by an unexplained reference to "posting."

　　　Plaintiff has now responded to the Court's order, and neither Defendant appears to have been properly served.  Plaintiff concedes that service by "posting" is insufficient, but argues that the service on Letko — who also serves as US Healthcare Supply's agent — was enough. But the summons addressed to Letko

was directed at him personally, not at the company. *See* Fed. R. Civ. P. 4(b) (requiring that summons must be issued for each defendant to be served); *Edwards v. Dept. of State Hosp. (DSH)-Coalinga*, 2013 WL 6491520, at *2 (E.D. Cal., Dec. 10, 2013) (holding that Fed. R. Civ. P. 4 entitles each defendant to separate service). *Compare MedTrak VNG, Inc. v. AcuNetx, Inc.*, 2012 WL 6135817, at *2 (D. Nev. Dec. 10, 2012) (explaining that service on a company's agent does not suffice as service on the agent individually).

The Court also pointed out that although the signature on the return receipt is not completely legible, it does not appear to have been signed by Letko.[1] The box that would have shown whether the signatory was the addressee or an agent was left unchecked, and the space for the signatory's printed name is blank. The box for "Service Type" has the designations "Certified Mail" and "Return Receipt for Merchandise" checked. Plaintiff asserts that Letko signed the receipt, without providing any basis for his conclusion. He also argues that mailing by certified mail satisfies Rule 4 (e)(2)(A)'s personal service provision. But this provision requires "delivering a copy of the summons and the complaint to the individual *personally*," (emphasis added) which the process server did not do. *See, e.g.,* Rule 4(f)(2)(C) (treating service on an individual personally and service by mail with return receipt requested as separate methods of service).

Although Plaintiff did not rely on this provision, Rule 4(e)(1) permits him to serve Letko by following either California or New Jersey law. Service on out-of-state defendants by mail with return receipt is authorized under Cal. Civ. Proc. Code § 415.40. But if the receipt is not signed by the person to be served, the Court will require evidence showing the authority of the signatory to sign on behalf

---

[1] The signature appears to consist either of a single name or of an initial plus a surname. The first letter does not appear to be either a J or an L. "N. Rolle" would be a fair guess.

of the defendant. *See Taylor-Rush v. Multitech Corp.*, 217 Cal. App. 3d 103, 110 (Cal. App. 1 Dist. 1990). Because it is unclear who signed the receipt, and whether they were authorized to sign on Letko's behalf, evidence is required.

Under Fed. R. Civ. P. 4(m), if a Defendant has not been served within 90 days, the Court must either dismiss it or extend the time for service. Here, it appears US Healthcare Supply has not been served at all. Even assuming Letko has been served, service has not been adequately shown.

No later than **July 30, 2020**, Plaintiff must show that both Defendants have been properly served. As to Letko, Plaintiff may either serve him again and file proof of service, or else file a memorandum of points and authorities attaching evidence showing that the person who signed the return receipt was either Letko himself or someone authorized to sign for him. If he files a memorandum, it should not exceed three pages, not counting attachments. Plaintiff must also serve US Healthcare Supply, and file proof of service. If Plaintiff needs more time, he may seek it by *ex parte* motion, which must show good cause for the extension. Because Plaintiff has already been given an opportunity to prove sufficiency of service, ambiguous or insufficient proofs of service will not suffice.

If Plaintiff fails to show adequate proof of service as to either or both Defendants within the time permitted, claims against those Defendants will be dismissed for failure to serve, and for failure to prosecute.

**IT IS SO ORDERED**.

Dated: July 6, 2020

*Larry A. Burns*
Honorable Larry Alan Burns
Chief United States District Judge